## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

WILLIE G. LEWIS, JR.

    Plaintiff,

v.

THE MEDICAL CENTER, INC.,
*d/b/a* PIEDMONT COLUMBUS REGIONAL MIDTOWN,

    Defendant.

Civil Action No.:
4:21-cv-00072-CDL

## CONSENT PROTECTIVE ORDER

The Parties to this action, Plaintiff Willie G. Lewis ("Lewis") and Defendant The Medical Center, Inc. ("TMCI"), jointly request the Court to enter a Protective Order with respect to certain documents and information to be provided in discovery under the Federal Rules of Civil Procedure. The Parties seek to protect documents containing confidential and proprietary information of the Plaintiff and Defendant. Pursuant to this request, and in accordance with the agreement of the Parties, *IT IS HEREBY ORDERED*:

## SCOPE OF PROTECTIVE ORDER:

All documents and information marked as "CONFIDENTIAL" by Plaintiff or Defendant that may be disclosed in discovery in this action shall be kept confidential and treated in accordance with the terms of this Protective Order.

Documents and information to be marked as "CONFIDENTIAL" (collectively referred to as "Confidential Information") include, but shall not be limited to: [1] medical records and medical information relating to Plaintiff; [2] any Party's tax information, financial records, and similar records containing private or confidential information; [3] information contained within

files or records maintained by Defendant or related entities pertaining to current and former employees, including, but not limited to, medical information and other records; and [4] non-public information pertaining to the business of Defendant, the public dissemination of which would cause hardship to Defendant or place Defendant at a competitive disadvantage, including trade secrets and other confidential proprietary information.

**TERMS AND CONDITIONS:**

1.      If any Party produces documents that the producing Party reasonably and in good faith considers to be Confidential Information, the producing Party will mark the documents as "CONFIDENTIAL."  With respect to non-documentary information such as testimony in a deposition, if any Party discloses information that the Party reasonably and in good faith considers confidential, the Party will indicate at the time of disclosure that the information is confidential or, by advising the opposing part(ies) in writing, within fifteen (15) days of receiving a copy of a transcript, which pages of the transcript contain Confidential Information. This indication shall be sufficient to subject the information to the terms of this Protective Order.

2.      The Parties agree that they will not use for any purpose outside of the litigation of this matter any document or information designated by any Party as CONFIDENTIAL, and that such information will be used only for purposes of this litigation.

3.      Counsel for the Parties agree that they will not disclose information designated as CONFIDENTIAL to any individual other than: [1] attorneys representing the Parties; [2] staff of the law firms representing the Parties; [3] the Parties and representatives of the Parties as needed for purposes of the litigation; [4] experts consulted with for purposes of the litigation; [5] the Court (including any courtroom personnel, including but not limited to the court reporter and

court translator, and members of the jury); and [6] witnesses to whom disclosure is necessary for purposes of this litigation.

4. To the extent that information designated as CONFIDENTIAL is disclosed to the foregoing individuals other than the Court, the individuals will be advised at the time of the disclosure that the information has been designated as CONFIDENTIAL and must not be copied, shared, or otherwise disclosed to any other individuals.

5. To the extent any Party intends to disclose to the Court information designated by another Party as CONFIDENTIAL, the Party who intends to disclose the information will give to the producing Party five (5) days written notice of the intent to disclose the information to the Court. The Party requesting confidentiality shall have the option of moving the Court to place any such document(s) or portions of documents under seal.

6. Any Party has the right to challenge another Party's designation of information as CONFIDENTIAL no later than the close of discovery or within ten (10) days of receipt of the document, whichever last occurs. Before any motion is filed with the Court regarding a designation dispute, the Parties must in good faith attempt to resolve the dispute between counsel. Until and unless the Parties resolve the designation dispute, or the Court adjudicates the challenge to a Party's designation, the information or documents in question shall be treated as CONFIDENTIAL in accordance with the terms of this Protective Order.

7. If any Party to this Protective Order inadvertently discloses information designated as CONFIDENTIAL to individuals other than those listed above to whom disclosure is permitted, the Party who inadvertently disclosed the information will do the following: [1] provide written notice to the producing Party of the fact of the inadvertent disclosure and the identities of any individuals to whom the inadvertent disclosure was made, within a reasonable

time after the inadvertent disclosure is discovered; [2] take all reasonable steps to ensure that the information is maintained as confidential by the individual(s) to whom the information was inadvertently disclosed; and [3] take all reasonable steps to ensure that the information which was inadvertently disclosed is returned to the Party who inadvertently disclosed the information.

8. The Court retains jurisdiction to amend or modify this Protective Order upon motion by a Party or on its own motion. The provisions of this Protective Order concerning the use and/or disclosure of CONFIDENTIAL information shall survive the termination of this action.

9. Parties requesting that any document be filed under seal must first present to the Court a motion and/or consent order regarding said document. The Clerk of Court may not accept for filing any document designated as "sealed" without an Order from the Court approving the document to be filed under seal.

10. Upon the conclusion of this litigation, including any appeals period, all Parties to this stipulation agree to return to the producing Party any documents that were designated by the producing Party as CONFIDENTIAL, including any copies, summaries, compilations, or notes that were made of the documents, upon request of the producing Party. In addition, any Party that, upon conclusion of this litigation, including any appeals, is in possession of confidential medical records or other records of health information pertaining to Plaintiff or any other person shall destroy such records. Nothing in this Order shall require the return or destruction of attorney work product.

IT IS SO ORDERED, this 3rd day of September, 2021.

                                            S/Clay D. Land
                                            Honorable Clay D. Land
                                            United States District Court Judge

*STIPULATED AND AGREED TO:*

| **MOLDEN & ASSOCIATES** | **HALL, GILLIGAN, ROBERTS & SHANLEVER, LLP** |
|---|---|
| */s/Regina S. Molden* <br> Regina S. Molden <br> Georgia Bar No. 515454 <br> rmolden@moldenlaw.com <br> T. Orlando Pearson <br> Georgia Bar No. 180406 <br> topearson@moldenlaw.com <br><br> Peachtree Center, Harris Tower - Suite 1245 <br> 233 Peachtree Street NE <br> Atlanta, Georgia 30303 <br> P: (404) 324-4500 <br> F: (404) 324-4501 <br><br><br> *Counsel for Plaintiff* <br> *Willie G. Lewis, Jr.* | */s/ Matthew J. Gilligan* <br> Matthew J. Gilligan <br> Georgia Bar No. 294955 <br> mgilligan@hgrslaw.com <br> Wayne M. Cartwright <br> Georgia Bar No. 257328 <br> wcartwright@hgrslaw.com <br><br> 3340 Peachtree Rd NE - Suite 1900 <br> Atlanta, Georgia 30326 <br> T: (404) 537-5525 <br> F: (404) 537-5555 <br><br> *Counsel for Defendant* <br> *The Medical Center, Inc.* |